ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona
Karen Baerst Treon
Assistant U.S. Attorney
State Bar No. 014950
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-75460
Facsimile: (602) 514-7760
karen.treon@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>AZ Prime One Mortgage Corporation, Kimberly Callan, Brian Ramsey<br><br>    Defendants. | CV_____<br><br>**COMPLAINT** |

Plaintiff, the United States of America, through its undersigned attorneys, files its original complaint against Defendants AZ Prime One Mortgage Corporation ("Prime One"), Kimberly Callan, and Brian Ramsey for the recovery of a monetary forfeiture penalty of $30,000.00, and alleges upon information and belief as follows:

**INTRODUCTION**

1. This is a civil action brought by the United States, on behalf of the Federal Communications Commission ("FCC") pursuant to the Communications Act of 1934, 47 U.S.C. § 504(a), alleging violations of section 64.1200(c)(2) of the FCC's rules, 47 C.F.R. § 64.1200(c)(2), by Defendants named below, Prime One, Kimberly Callan, and Brian Ramsey (collectively referred to as "Defendants"), for delivery of telephone solicitations to residential telephone numbers contained in the National Do-Not-Call Registry. The United

States seeks the recovery of forfeiture penalties assessed by the FCC on June 16, 2009 and June 29, 2010, and other relief for Defendants' violations of the FCC's rules.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 and 47 U.S.C. § 504(a).

3. Venue is proper in the District of Arizona pursuant to 28 U.S.C. §§ 1355(b), 1391(b), 1395(a) and 47 U.S.C. § 504(a), because the principal operating office of Defendant Prime One is located in Scottsdale, Arizona, a location within this District, Defendants Callan and Ramsey reside within this District, and some of the acts or omissions giving rise to this civil action occurred within this District. 47. U.S.C. § 504(a) provides, *inter alia*, that "[t]he forfeitures provided for in this chapter shall be payable into the Treasury of the United States, and shall be recoverable . . . in a civil suit in the name of the United States brought in the district where the person or carrier has its principal operating office or in any district through which the line or system of the carrier runs . . . ."

## PARTIES

4. Plaintiff is the United States of America.

5. The FCC is an independent federal regulatory agency created by Congress to regulate intrastate, interstate, and foreign radio communications pursuant to the Communications Act of 1934, as amended ("Act"), 47 U.S.C. § 151 *et seq*.

6. Upon information and belief, during the relevant time period when violations giving rise to this action occurred, Defendant Prime One was a full service mortgage company. Prime One also did business as Prime One Mortgage Corporation and HomePlaceLoans.com. Prime One had offices located at 14624 N. Scottsdale Road, Suite 120, Scottsdale, Arizona 85254, a location within this District.

7. Defendant Kimberly Callan was an executive officer of Prime One. At all times relevant to this action, she was also a director of Prime One. As an officer and director of

Prime One, Callan managed, controlled, and directed the activities of Prime One.[1]  Callan is a resident of the state of Arizona who may be found at 14624 N. Scottsdale Road, Suite 120, Scottsdale, Arizona 85254, a location within this District.

8.  Defendant Brian Ramsey was an executive officer of Prime One. At all times relevant to this action, he was also a director of Prime One. As an officer and director of Prime One, Ramsey managed, controlled, and directed the activities of Prime One. Ramsey is a resident of the state of Arizona who may be found at 14624 N. Scottsdale Road, Suite 120, Scottsdale, Arizona 85254, a location within this District.

## STATUTORY AND REGULATORY BACKGROUND

9.  Section 64.1200(c)(2) of the FCC's rules, 47 C.F.R. § 64.1200(c)(2), generally prohibits the delivery of telephone solicitations to residential phone numbers that are contained in the National Do-Not-Call Registry, except in certain limited situations not relevant here.[2]  Under the Communications Act of 1934, as amended, a "telephone solicitation" means "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(3); *see also* 47 C.F.R. § 64.1200(f)(12).[3]

---

[1] The two Notices of Apparent Liability ("NAL"), see *infra* ¶¶ 16–23, issued by the FCC to Prime One specifically recognized that all references to "AZ Prime One" in the NALs also encompassed Defendants Kimberly Callan, Brian Ramsey, and all other principals or officers of Prime One. *See AZ Prime One Mortgage Corp.*, 23 FCC Rcd 1964, 1964 n.2 (Enf. Bur. 2008); *AZ Prime One Mortgage Corp.*, 23 FCC Rcd 7195, 7195 n.2 (Enf. Bur. 2008).

[2] Under the FCC's rules, a telephone solicitation to a residential phone number on the National Do-Not-Call Registry is not prohibited if (1) the called party has provided signed, written consent for the call to be made; or (2) the call is made by a person who has a personal relationship with the called party, *See* 47 C.F.R. § 64.1200(c)(ii)-(iii). A telemarketing call to a telephone number on the National Do-Not-Call Registry is also not prohibited if the promotional call does not fall within the definition of "telephone solicitation" under 47 C.F.R. § 64.1200(f)(12). *See infra* footnote 3.

[3] Although not relevant to the violations in this case, the definition of "telephone solicitation" specifically exempts certain promotional calls from the general prohibition of section 64.1200(c)(2). Under the FCC's rules, a telephone solicitation does not include a call or message where (1) the called party has provided signed, written consent for the call to be made; (2) the called party has an "established business relationship" with the caller, meaning that the called party has made a purchase from, or had a transaction with, the caller within the eighteen months immediately preceding the call or has made an inquiry or application regarding the caller's products or services within the three months preceding the call, and the called party has not specifically asked the caller to stop all telemarketing calls; or (3) the call is made by or on behalf of a tax-exempt nonprofit group. 47 C.F.R. § 64.1200(f)(12); *see also* 47 C.F.R. § 64.1200(c)(2)(ii) (consent); 47 C.F.R. § 64.1200(f)(4) (established business relationship).

10. An entity is not liable for otherwise prohibited telephone solicitations made to telephone numbers on the National Do-Not-Call Registry if it is able to show that it has complied with the requirements of the regulatory safe harbor set out in section 64.1200(c)(2)(i)(A)-(E) of the FCC's rules, and that the telephone solicitation was the result of error. 47 C.F.R. § 64.1200(c)(2)(i). In order to comply with the safe harbor, a person or entity initiating a telephone solicitation must demonstrate that, as part of its routine business practice, it has: (1) established and implemented written procedures to comply with the do-not-call rules; (2) trained its personnel, and any entity assisting in its compliance, in the procedures established pursuant to the national do-not-call rules; (3) maintained and recorded a list of telephone numbers that it may not contact; (4) used (and documented its use of) an up-to-date version of the Do-Not-Call Registry obtained no more than thirty-one days[4] before any telephone solicitation is made; and (5) properly purchased access to the relevant do-not-call data from the administrator of the national database and used a process to ensure that the entity does not sell, rent, lease, purchase or use the do-not-call database for any purpose except compliance with state or local laws. 47 C.F.R. § 64.1200(c)(2)(i)(A)-(E).

11. Pursuant to section 503(b) of the Act, 47 U.S.C. § 503(b), any person whom the FCC determines to have willfully or repeatedly failed to comply with the provisions of Chapter 5, Title 47 of the United States Code or any rule, regulation or order issued by the FCC shall be liable to the United States for a forfeiture penalty.

12. Section 503(b)(5) of the Act, 47 U.S.C. § 503(b)(5), authorizes the FCC to assess a forfeiture penalty against any person who is not a common carrier so long as such person is (A) first issued a citation of the violation charged; (B) given a reasonable opportunity for a

---

[4] Prior to January 1, 2005, entities were required to employ a version of the Do-Not-Call Registry that was obtained no more than three months prior to the date any call was made. 47 C.F.R. § 64.1200(c)(2)(i)(D), note. This requirement ensures that entities honor do-not-call registrations within three months (prior to 2005) or thirty-one days (after January 1, 2005) of an individual placing his or her telephone number in the Registry.

personal interview with an FCC official at the closest field office; and (C) subsequently engages in conduct of the type described in the citation.

13. Section 312(f)(1) of the Act, which applies to violations for which forfeitures are assessed under section 503(b), provides that "[t]he term 'willful,' when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this Act or any rule or regulation of the Commission authorized by this Act." 47 U.S.C. § 312(f)(1). Section 312(f)(2) of the Act, which also applies to violations for which forfeitures are assessed under section 503(b), provides that "[t]he term 'repeated,' when used with reference to the commission or omission of any act, means the commission or omission of such act more than once, or, if such commission or omission is continuous, for more than one day." 47 U.S.C. § 312(f)(2).

## THE INITIAL VIOLATION

14. On January 30, 2006, the FCC received a complaint from an individual alleging that Defendants, or an entity acting on behalf of Defendants, placed a telemarketing call to a telephone number that had been listed in the National Do-Not-Call Registry for at least thirty-one (31) days prior to the solicitation.

15. On February 28, 2007, in response to the consumer complaint alleging that Defendants had made a telephone solicitation to a residential telephone number listed on the National Do-Not-Call Registry, the FCC Enforcement Bureau issued a citation to Defendants for violation of section 64.1200(c)(2) of the FCC's rules. *Citation to AZ Prime One Mortgage Corp.*, 22 FCC Rcd 12478 (Enf. Bur. 2007) ("Citation"), attached as Exhibit A. The Citation, which included copies of the consumer complaint, warned Defendants that subsequent violations could result in the imposition of monetary forfeitures of up to $11,000 per violation. *Id.* The Citation informed Defendants that within thirty (30) days of the date of the Citation, they could either request an interview with FCC staff or submit a written

statement responding to the Citation. *Id.* Defendants did not request an interview or otherwise respond to the Citation.

**FIRST NOTICE OF APPARENT LIABILITY**

16.   On May 15, 2007, the FCC received a complaint from a different individual alleging that Defendants delivered telephone solicitations to her residential phone number, which had been registered on the National Do-Not-Call Registry at least thirty-one days prior to receiving the telemarketing call. The telephone solicitation was made after Defendants had previously received the Citation for such practices.

17.   On February 15, 2008, the FCC Enforcement Bureau issued a Notice of Apparent Liability for Forfeiture (the "First Notice") to Defendants in the amount of $10,000.00 for the apparent willful or repeated violations of section 64.1200(c)(2) of the FCC's rules, 47 C.F.R. § 64.1200(c)(2), by making a telephone call for the purpose of delivering telephone solicitations to a residential consumer who had registered her telephone number on the National Do-Not-Call Registry, after Defendants had received a Citation for such practices. *AZ Prime One Mortgage Corp.*, 23 FCC Rcd 1964 (Enf. Bur. 2008). The FCC sent copies of the First Notice to Defendants by Certified Mail, return receipt requested. A copy of the First Notice is attached as Exhibit B.

18.   The First Notice ordered Defendants to pay the full amount of the proposed forfeiture, or to file a written statement seeking reduction or cancellation of the proposed forfeiture, within thirty (30) days of the date of the First Notice.

19.   The FCC did not receive a response to the First Notice.

**SECOND NOTICE OF APPARENT LIABILITY**

20.   On May 9, 2007 and May 12, 2007, the FCC received complaints from two different individuals alleging that Defendants delivered telephone solicitations to each of them. Both individuals had registered their telephone numbers on the National Do-Not-Call Registry at least thirty-one days prior to receiving the telemarketing calls. Each telephone solicitation was made after Defendants had previously received the Citation for such practices.

21. On May 2, 2008, the FCC Enforcement Bureau issued a second Notice of Apparent Liability for Forfeiture (the "Second Notice") to Defendants in the amount of $20,000.00 for the apparent willful or repeated violations of section 64.1200(c)(2) of the FCC's rules, 47 C.F.R. § 64.1200(c)(2), by making telephone calls for the purpose of delivering telephone solicitations to residential consumers who had registered their telephone numbers on the National Do-Not-Call Registry, after Defendants had received a Citation for such practices. *AZ Prime One Mortgage Corp.*, 23 FCC Rcd 7195 (Enf. Bur. 2008). The FCC sent copies of the Second Notice to Defendants by Certified Mail, return receipt requested. A copy of the Second Notice is attached as Exhibit C.

22. The Second Notice ordered Defendants to pay the full amount of the proposed forfeiture, or to file a written statement seeking reduction or cancellation of the proposed forfeiture, within thirty (30) days of the date of the Second Notice.

23. The FCC did not receive a response to the Second Notice.

**FIRST FORFEITURE ORDER**

24. On June 16, 2009, the FCC issued a Forfeiture Order ("2009 Order") in the amount of $10,000.00 against Defendants for willful or repeated violations of section 64.1200(c)(2) of the FCC's rules, 47 C.F.R. § 64.1200(c)(2), by making a telephone call for the purpose of delivering a telephone solicitation to a residential telephone consumer who had registered her telephone number on the *National Do-Not-Call Registry, after Defendants had received a Citation for such practices. AZ Prime One Mortgage Corp*., 24 FCC Rcd 8036 (Enf. Bur. 2009).

25. The FCC sent copies of the 2009 Order to Defendants by Certified Mail, return receipt requested, and by First Class Mail. The copies sent by regular First Class Mail were not returned. A copy of the 2009 Order is attached as Exhibit D.

**SECOND FORFEITURE ORDER**

26. On June 29, 2010, the FCC issued a second Forfeiture Order ("2010 Order") in the amount of $20,000.00 against Defendants for willful or repeated violations of section

7

64.1200(c)(2) of the FCC's rules, 47 C.F.R. § 64.1200(c)(2), by making two telephone calls for the purpose of delivering telephone solicitations to two residential telephone consumers who had registered their telephone numbers on the National Do-Not-Call Registry, after Defendants had received a Citation for such practices. *AZ Prime One Mortgage Corp.*, 25 FCC Rcd 7949 (Enf. Bur. 2010).

27. The FCC sent copies of the 2010 Order to Defendants by Certified Mail, return receipt requested, and by First Class Mail. The copies sent by regular First Class Mail were not returned. A copy of the 2010 Order is attached as Exhibit E.

## CLAIM FOR RELIEF

28. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 27 above.

29. Defendants willfully or repeatedly violated section 64.1200(c)(2) of the FCC's rules, 47 C.F.R. § 64.1200(c)(2), by making at least three telephone calls for the purpose of delivering telephone solicitations to three residential telephone consumers who had registered their telephone numbers on the National Do-Not-Call Registry, after having been issued a Citation apprising Defendants that they had violated section 64.1200(c)(2) of the FCC's rules for the same type of conduct.

30. By reason of the foregoing, Defendants are liable to the United States for a forfeiture penalty pursuant to 47 U.S.C. § 503(b), section 1.80 of the Commission's Rules ("Rules"), 47 C.F.R. § 1.80, and the *Commission's Forfeiture Policy Statement and Amendment of Section 1.80 of the Rules to Incorporate the Forfeiture Guidelines,* 12 FCC Rcd 17087 (1997), *recon. denied*, 15 FCC Rcd 303 (1999). A certificate of forfeiture is attached hereto as Exhibit F.

8

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly or severally, as follows:

a. Judgment in the amount of $30,000.00;

b. Interest from the date of judgment at the legal rate in effect on the date of judgment, pursuant to 28 U.S.C. § 1961.

c. Costs and disbursements incurred by Plaintiff in this action; and

d. Such other further relief that the Court may deem just and proper.

Respectfully submitted this 7th Day of May, 2012.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney

By: ______________________________
Karen Baerst Treon
Assistant United States Attorney
Two Renaissance Square
40 N. Central Avenue
Suite 1200
Phoenix, AZ 85004
Tel. (602) 514-7500

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

*s/Mary C. Bangart*
U.S. Attorney's Office